IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Mark Allan Campbell, | )<br>) Case No.     12 CV 225<br>) |
| Plaintiff, | ) |
| vs. | )<br>) |
| Warden Lizzie Tegels, | )<br>) Judge Philip G. Reinhard |
| Defendant. | )<br>) |

**ORDER**

For the reasons stated below, petitioner Mark Allan Campbell's petition under 28 U.S.C. § 2254 is denied. The court also denies Campbell's request for an evidentiary hearing and declines to issue a certificate of appealability. The cause is dismissed in its entirety.

**STATEMENT-OPINION**

Petitioner, Mark Allan Campbell, a state prisoner, filed a petition pursuant to 28 U.S.C. § 2254 raising a claim of ineffective assistance of counsel. In his petition, Campbell claims his counsel was ineffective for failing to object to the state's alleged breach of plea agreement during his resentencing hearing. Respondent has answered, and argues that the petition should be denied on its merits. Specifically, respondent contends that Campbell's claim fails because the state did not breach the plea agreement.

On November 28, 2007, Campbell pled guilty to one count of first degree sexual assault of a child under the age of thirteen. At the time of the conviction, he faced a maximum sentence of sixty years. However, pursuant to the terms of his plea agreement, the state agreed to limit its sentence recommendation to twenty years and recommend a five-to-seven year period of initial confinement.

On February 5, 2008, Campbell had his first sentencing hearing. At the hearing, the state limited its recommendation according to that which the parties had agreed, but the state court imposed a sentence of forty-years. Campbell appealed and argued the state court judge neglected to consider the relevant sentencing guidelines. Ultimately, the Wisconsin Court of Appeals agreed and remanded the case for resentencing. *See State v. Campbell*, No. 2008AP2065-CR, 2009 WL 1191945 at *3 (Wis. App. Ct. May 5, 2009).

1

Campbell's resentencing hearing took place on August 25, 2009. During the hearing, the state again recommended Campbell receive a maximum sentence of twenty years. However, at this hearing the state failed to expressly recommend a period of initial confinement. Instead, Campbell's attorney spoke up and informed the court that "the plea bargain in this case was five to seven years in and the balance of 20 on extended supervision." [8-11] at 25; Ct. Tr. 8/25/09 at 25. Despite these recommendations, the state court judge imposed a bifurcated sentence of forty-four years with thirty-four years of initial confinement and ten years of extended supervision.

On December 14, 2009, Campbell filed a motion for postconviction relief in state court. In it, he challenged his sentence and claimed his attorney was ineffective for failing to object to the state's remarks at the resentencing hearing and for failing to object when the state neglected to recommend an initial confinement period. In denying the motion, the state court determined that the prosecutor had not materially breached the plea agreement and Campbell could therefore not set forth a cognizable ineffective assistance of counsel claim. Campbell appealed, but on December 7, 2010, the Wisconsin Court of Appeals affirmed the trial court's decision. *See* [8-2]. Campbell later filed a writ of certiorari to the Wisconsin Supreme Court, but his petition was denied. *See* [8-3].

On March 30, 2012, Campbell filed the instant petition. In it, he contends he is entitled to relief because the Wisconsin Court of Appeals unreasonably applied the United States Supreme Court's decisions in 1) *Santobello v. New York*, 404 U.S. 257 (1971); and 2) *Strickland v. Washington*, 466 U.S. 668 (1984).

28 U.S.C. § 2254 limits a federal district court's ability to grant habeas relief to state prisoners. Relief will not be granted unless the court determines that a state court's adjudication of a claim resulted in a decision that was 1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the United States Supreme Court[;]" or was 2)... "based on an unreasonable determination of the facts in light of the evidence presented..." 28 U.S.C. § 2254 (d)(1)-(2). The federal courts review a state court's decision on a deferential standard of review. *Griffin v. Pierce*, 622 F.3d 831, 841 (7th Cir. 2010). A federal court may not grant relief if it determines a state court applied federal law incorrectly. Instead, a writ can only be issued if the federal court determines that a state court's application of federal law was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). This is a difficult standard for a habeas petitioner to prove as the Seventh Circuit has defined objectively unreasonable as "something lying well outside the boundaries of permissible differences of opinion." *McFowler v. Jaimet*, 349 F.3d 436, 447 (7th Cir. 2003)[1].

---

[1]As most recently stated in *Burt v. Titlow*, No. 12-414, 2013 U.S. LEXIS 8039 at *11-12 571 U.S. ___, (U.S. Nov. 5, 2013) the "AEDPA likewise imposes a highly deferential standard for reviewing claims of legal error by the state courts: A writ of habeas corpus may issue only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by" this Court." *Id.* quoting § 2254 (d)(1).

After reviewing the instant petition, the court finds Campbell is unable to prove that the decision of the Wisconsin Court of Appeals was objectively unreasonable. While he claims he is entitled to relief because the appellate court unreasonably applied *Santobello v. New York*, 404 U.S. 257 (1971) and *Strickland v. Washington*, 466 U.S. 668 (1984), his arguments are unconvincing.

First, Campbell argues that the Wisconsin Court of Appeals unreasonably applied the United State's Supreme Court's decision in *Santobello v. New York*, 404 U.S. 257 (1971) when it determined that the state did not breach the plea agreement. He claims the state violated *Santobello* when it failed to recommend the five-to-seven year term of initial confinement and when the prosecutor made inflammatory arguments at the resentencing hearing.

The court turns first to Campbell's contention that the prosecutor's remarks and arguments at resentencing are indicative of a breach. Campbell claims these arguments were "designed to dissuade the court" from adhering to the sentence recommendation in the plea agreement and are therefore in violation of *Santobello*. [9] at 26. Campbell particularly takes issue with the prosecutor's characterization of the offense and the way in which the prosecutor described Campbell's character. *Id.* at 27.

At the resentencing hearing, the prosecutor characterized Campbell's offense as "horrific." [8-11] at 19. He continued by stating that the impact on the victim was "devastating" and that Campbell had "very serious sexuality issues." *Id.* at 19; 22. Campbell argues these comments undermined the state's twenty-year maximum sentence recommendation and amount to a breach of the plea agreement.

Campbell's argument here is misplaced. While the prosecutor expressly informed the court that it needed to consider Campbell's character, the seriousness of the offense, and the need to protect the public, there is nothing in the plea agreement that prevented the state from doing so. *See* [8-11] at 18. In fact, it is arguable that the state was obligated to provide the court with such information since Wisconsin law requires a sentencing court to examine the gravity of the offense, the character of the offender, and the need to protect the public. *See State v. Smith*, 558 N.W.2d 379, 390 n.14 (Wis. 1997). The remarks Campbell complains of did just that. As the Wisconsin Court of Appeals concluded, these remarks did not undermine the state's sentence recommendation and instead "balance[d] [the state's] duty to convey relevant information to the sentencing court against its duty to honor the plea agreement." [8-2] at 8 citing *State v. Williams*, 637 N.W.2d 733, 745 (Wis. 2002).

This court is satisfied with that conclusion. *Santobello* requires the government to fulfill the promises it makes in exchange for a defendant's guilty plea. 404 U.S. at 262-63. It does not however, require that the government "enthusiastically" make a specific recommendation to the court. *United States v. Benchimol*, 471 U.S. 453, 455 (1985). At the resentencing hearing, the state explicitly recommended that Campbell receive a maximum sentence of twenty years and simultaneously provided the court with accurate information regarding the gravity of the offense,

3

Campbell's character, and the need to protect the public. While the prosecutor's description of the offense and of Campbell's character were not necessarily favorable, the fact remains that the state adhered to the terms of the plea agreement and recommended the court impose a maximum sentence of twenty years. Accordingly, the court finds the state did not substantially violate the terms of the plea agreement with its arguments at the resentencing hearing. *See United States v. Salazar*, 453 F.3d 911, 914 (7th Cir. 2006) (concluding that the government did not substantially violate the terms of defendant's plea agreement where the government promised to recommend a low end guideline sentence, but referred to the defendant as a "cold-blooded killer.").

Next, Campbell argues the Wisconsin Court of Appeals unreasonably applied *Santobello* when it determined that the state did not breach the plea agreement when it failed to expressly recommend a period of initial confinement. Campbell contends the prosecutor's failure to affirmatively make such a recommendation is violation of his due process rights.

As previously noted, *Santobello* requires the government to fulfill the promises made in plea agreements. *Santobello*, 404 U.S. at 262. In *Santobello*, the United States Supreme Court compared plea agreements to contracts and held that the government violates a defendant's right to due process if it breaches the plea agreement. *Id.* at 262-63. However, case law subsequent to *Santobello* clarified that not "every breach of a plea agreement merits relief." *Hartjes v. Endicott*, 456 F.3d 786, 790 (7th Cir. 2006); *see also Benchimol*, 471 U.S. at 467. Instead, relief is only appropriate if "[t]he breach [is] material or substantial, [and] not merely technical." *Id.* citing *State v. Naydiohor*, 678 N.W.2d 220, 225 (Wis. 2004). In this case, the Wisconsin Court of Appeals determined that Campbell failed to prove that the state materially and substantially breached the plea agreement. The court here agrees.

Campbell's argument is premised upon the appellate court's alleged unreasonable application of *Santobello*. However, the facts in *Santobello* are readily distinguishable from the instant case. In *Santobello*, the plea agreement at issue provided that the government would refrain from making any recommendation at sentencing. *Santobello*, 404 U.S. at 258. Despite this promise, the prosecutor recommended that the defendant receive the maximum sentence at the defendant's sentencing hearing. *Id.* at 259. The Supreme Court determined this amounted to a breach of the plea agreement and vacated the defendant's sentence. *Id.* at 263.

The facts here are not analogous. It is undisputed that at both sentencing hearings the state adhered to its promise in the plea agreement and recommended Campbell receive a maximum sentence of twenty years. The transcripts from both sentencing hearings reflect this. *See* [8-10] at 8; [8-11] at 22. While it is true that the state neglected to recommend specifically the five-to-seven year period of initial confinement at the second hearing, Campbell's attorney made the court aware that this was the term the parties had agreed to during plea negotiations. *See* [8-2] at 5 ("the plea bargain in this case was five to seven years in and the balance of twenty on extended supervision."). Like the Wisconsin Court of Appeals, the court here is satisfied that these facts do not indicate a material or substantial breach. Unlike the prosecutor in *Santobello* who affirmatively contradicted a promise in the plea agreement, the prosecutor here merely

4

omitted a term within the overall sentence recommendation.  After Campbell's attorney realized the prosecutor failed to mention this, he spoke up to inform the court of the detail.  The state neither objected nor disputed defense counsel's statement and thus did not contradict any of the terms of the plea agreement and therefore did not materially breach it.  *See United States v. Diaz-Jimenez*, 622 F.3d 692, 696 (7th Cir. 2010) (noting that some breaches can be corrected and "subsequent actions by the prosecution can justify an inference that the error was indeed harmless.").

   Additional support lies in the Seventh Circuit's holding in *Hartjes v. Endicott*, 456 F.3d 786 (7th Cir. 2006).  There, the Seventh Circuit affirmed a district court's denial of a prisoner's habeas petition and determined that the prisoner failed to establish that the Wisconsin Court of Appeals unreasonably applied federal law.  *Id.* at 787.  In *Hartjes*, the petitioner raised an ineffective assistance of counsel claim and argued his attorney was deficient for failing to object when the prosecutor allegedly breached his plea agreement.  The petitioner claimed the breach occurred when the prosecutor informed the judge of additional, uncharged allegations of sexual misconduct and erroneously stated that Hartjes had admitted those allegations were true.  *Id.*  While Hartjes' attorney argued his client disputed the additional allegations, he failed to formally object.  *Id.*  His failure to object was the basis for Hartjes' ineffective assistance of counsel claim.  However, the Seventh Circuit concluded these facts were insufficient to set forth a cognizable claim.  It determined that the Wisconsin Court of Appeals reasonably held that any breach was immaterial or unsubstantial and therefore did not entitle the petitioner to relief.  *Id.* at 791.  In reaching this conclusion, the Seventh Circuit noted the deference the federal courts are obligated to give state courts and reasoned that any mistake by the prosecutor was "clarified later in the hearing by [Hartjes'] attorney."  *Id.* at 792.

   The same is true here.  The Wisconsin Court of Appeals determined that any breach that occurred in this case was merely "technical," and therefore insufficient to warrant relief.  [8-2] at 6.  The court finds this conclusion reasonable and finds the fact that Campbell's attorney informed the court of the plea agreement's initial confinement period persuasive.  *See Hartjes*, 456 F.3d at 792 ("no material and substantial breach of a plea agreement occurs when the prosecutor's misstatement is promptly corrected . . . ").  Furthermore, the Wisconsin Court of Appeals quoted the resentencing judge's statement at the postconviction hearing.  *See* [8-2] at 6.  The resentencing judge explained that while the state did not mention specifically the five to seven year period of initial confinement, "[he] knew all about it."  *Id.*  The judge continued stating, "[b]efore the second sentencing hearing, I read the transcript from the first hearing.  I read both presentence investigations.  I was well aware. . . .  I clearly understood what the plea agreement was whether or not the district attorney said five to seven years. . . .  I regarded that as the recommendation of the district attorney's office."  *Id.*  This is additional support for the conclusion that any breach on the part of the state was only technical.  Thus, the court finds Campbell's argument that the Wisconsin Court of Appeals unreasonably applied *Santobello v. New York*, 404 U.S. 257 (1971) meritless.

Given this conclusion, it is unnecessary for the court to engage in a detailed analysis of the Wisconsin court's application of *Strickland v. Washington*, 466 U.S. 668 (1984). As the Wisconsin Court of Appeals correctly noted, ineffective assistance of counsel claims under *Strickland* require a showing of deficient performance and prejudice. *See* [8-2] at 4 (citing *Strickland*, 466 U.S. at 687). Campbell argues his attorney was deficient for failing to object to the state's material and substantial breach of the plea agreement and he suffered prejudice as a result of the deficient performance. Because the court has determined that there was no substantial breach, Campbell cannot establish that his attorney was ineffective. This renders the ineffective assistance of counsel claim incognizable. *See Hartjes*, 456 F.3d at 792 (because there is no material and substantial breach, there is no ineffectiveness); *see also State v. Bowers*, 696 N.W.2d 255, 263-64 (Wis. Ct. App. 2005). Accordingly, the court rejects Campbell's argument that the Wisconsin Court of Appeals unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984).

As a final matter, the court declines to issue a certificate of appealability. Rule 11 of the Rules governing Section 2254 cases in the United States District Courts mandate that the court rule on a certificate of appealability when it denies a petition under Section 2254 or otherwise closes the case. A certificate of appealability is not granted as a matter of right and instead may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing occurs when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further." *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

While Campbell attempted to raise constitutional issues in his petition, the court finds his claims meritless and does not find that "reasonable jurists could debate whether . . . the petition should have been resolved in a different matter." *Id.* Thus, because there is no substantial constitutional question for appeal, the court declines to issue Campbell a certificate of appealability.

For the reasons above, petitioner Mark Allan Campbell's petition under 28 U.S.C. § 2254 is denied. The court also denies Campbell's request for an evidentiary hearing and declines to issue a certificate of appealability. The cause is dismissed in its entirety.

Date: 11/14/2013                                     ENTER:

                                                     *Philip G. Reinhard*
                                                     _____
                                                     United States District Court Judge

Docketing to Mail Notices.  (LC)